**Amos E. HEACOCK, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 981–64.**

United States District Court
District of Columbia.

April 7, 1966.

---

George A. Garvey, Garvey & Garvey, Washington, D.C., for plaintiff.

Joseph Schimmel, Sol., Washington, D.C., S. William Cochran, Washington, D.C., of counsel, for defendant.

JACKSON, District Judge.

This is a civil action to obtain a patent under 35 U.S.C. § 145. Upon review of all the evidence and the arguments of counsel, the Court finds for the defendant and against plaintiff, who is not entitled to a patent on the subject matter of Claims 14 and 15 of his application Serial No. 852,649.

While the Patent Office Examiner did not choose to place final reliance on Trepreau French patent No. 421,585, this reference, which was introduced in evidence at the trial as plaintiff's Exhibit 3, is considered to be far more pertinent than Fay U.S. patent No. 2,057,-942. Although plaintiff apparently persuaded the Examiner that the Trepreau box does not contain corner voids, and plaintiff sought to similarly persuade the Court during the trial, it is evident that voids are present in each of the eight corners of the Trepreau container. This inherent feature is prominently shown in the lower right front corners of the boxes depicted in Figures 8 and 13 of plaintiff's Exhibit 3.

It is further noted that the square panel of Figure 3 of Trepreau is merely a view from the opposite side of the identical panel shown in Figure 2 of Fay, upon which the Patent Office tribunals placed final reliance. The two panels are reverse images of each other.

Since the rectangular box of Figure 8 of Trepreau is assembled from four identical rectangular panels (front, rear, top and bottom) and two identical square panels (the two sides), it is considered obvious to construct a cubic box from six of the identical square panels of Trepreau Figure 3. Plaintiff's claims would read on such a cubic box. Insertion of hinge pins, as shown in Figure 8 of plaintiff's Exhibit 3, at each of the twelve edges of the cube would also provide a non-collapsible, stable, rack-proof container.

Pursuant to Rule 52(a), F.R.Civ.P., the Court makes the following additional Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This is a civil action under 35 U.S.C. § 145 in which the plaintiff, Amos E. Heacock, sought to have the Court adjudge that he is entitled to a patent including claims 14 and 15 of his patent application, Serial No. 852,649, filed November 13, 1959, entitled "Universal Panel."

2. Plaintiff's application discloses a knockdown transportation container constructed from identical square panels. The edges of the panels are provided with equal numbers of rectangular tongues of equal width and having square corners and the same thickness as the panel. The tongues are spaced from each other by distances equal to the width of the tongues to form grooves of rectangular outline and having square corners. Each corner of a panel is provided with a tongue in alignment with one edge of the panel. The tongues and grooves on each edge of a panel will interfit with an edge of another. When a cubic container has been formed from five or six of the square panels, the assembled construction is maintained by securing means, such as bands encircling the container or

pins passing longitudinally through the interfitted tongues.

3. Claims 14 and 15 of the application in suit read as follows:

14. A knockdown container having at least five sides made of universal identical panels, each panel comprising a square body section, a plurality of uniform spaced tongues extending from each edge of said square body section, one of the tongues along each edge being positioned at a corner of the body section, said corner tongue having one side in alignment with a side of the body section, wherein each corner tongue projects in a different direction from the other corner tongues and the corner tongues project progressively outwardly about the body section, and wherein only one corner tongue is provided along each edge, each edge further having at least one other tongue spaced from said corner tongue, thereby forming a recess therebetween, all of said tongues along each edge being of the same width and the recesses between the tongues being substantially equal to the width of the tongues, for the reception of tongues of adjacent panels, the tongues and recesses of adjacent panels being interlockingly engaged to erect the container, leaving a void at each corner to allow interlocking of panels in three planes to form the container.

15. The knockdown container of Claim 14, with the addition of means for retaining the panels in interlocking relation.

4. The U.S. patent to Fay, No. 2,057,-942, discloses a toy construction set comprising construction units consisting of panels of varying sizes and shapes. The edges of each panel are provided with rounded knuckles adapted to fit in spaces between the knuckles of a panel to be adjoined thereto. The panel disclosed in Figure 2 of the Fay drawings is square and has knuckles on the edges thereof arranged, as in plaintiff's panels, so that any edge of any panel may be fitted to any edge of an identical panel.

5. Although plaintiff indicated in his trial testimony that a principal distinguishing characteristic of his panel is the squared off shape of the tongues on the panel edges, and although his application states that the thickness and height of the tongues and the corresponding dimensions of the grooves must equal the thickness of the panel, the claims in plaintiff's application, Claims 14 and 15, do not include limitations to any of these features.

6. Although plaintiff asserted that the Fay patent is from the toy art, which he did not consider to be analogous to that of transportation containers, Claims 14 and 15 are not limited to a transportation container and read on any cubic knockdown container constructed from the claimed identical square panels.

7. The rounded knuckles on the edges of the panel disclosed in Figure 2 of the Fay patent constitute tongues, and Fay, therefore, anticipates those limitations of Claims 14 and 15 which describe the square panels used in constructing a cubic container.

8. It would be obvious, in using the Fay construction toy, to make a cubic container of five or six square panels such as those shown in Figure 2 of the patent, and to fasten the cube edges together with the pins shown in Figure 9 of the Fay patent.

9. The differences between the subject matter of Claims 14 and 15 of plaintiff's application, Serial No. 852,649, and the prior art are such that the subject matter as a whole would have been obvious at the time plaintiff's invention was made to a person having ordinary skill in the art of devising knockdown containers.

CONCLUSIONS OF LAW

1. Plaintiff is not entitled to a patent containing any of Claims 14 and 15 of his patent application, Serial No. 852,-649. 35 U.S.C. § 103.

2. The Complaint should be dismissed.